Timothy C. Houpt (USB #1543)
Angela Shewan (USB #17316)
JONES, WALDO, HOLBROOK & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone:  (801) 521-3200
thoupt@joneswaldo.com
ashewan@joneswaldo.com

Gwendolyn C. Payton (Pro Hac Vice)
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone:     206-626-7714
Facsimile:     206-623-6793
E-mail:        gpayton@kilpatricktownsend.com

*Attorneys for Defendant Premera Blue Cross*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| N.C., individually and on behalf of A.C., a minor,<br><br>       Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS,<br><br>       Defendants, | **DEFENDANT'S MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:21-CV-00467-JNP-DAO<br><br>Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

1

Defendant Premera Blue Cross ("Premera"), by and through its undersigned counsel, pursuant to Local Rule 7-1, and for Defendant's Motion to Transfer Venue and Memorandum in Support, respectfully submits as follows:

## I.     STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR RELIEF

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); *see Chrysler Credit Corp. v. Cty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  The Court should transfer this case to the Western District of Washington for the convenience of the parties and in the interest of justice.  The parties and the issues at bar have no connection to the State of Utah.  Washington State, not Utah, is central to the operative facts of this case: the claims administrator and the Plan are located in the Washington, and the parties corresponded regarding the claims appeals process in the state.  No party resides in Utah, and the residential treatment center at issue is in Missouri.

## II.     INTRODUCTION

This is a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and for violation of the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA"), 29 U.S.C. § 1132(g).  Specifically, Plaintiffs N.C. and A.C. ("Plaintiffs") seek to recover the expenses incurred in a Missouri residential treatment facility for treatment provided to A.C., N.C.'s child.  (Compl. ¶¶ 4, 53).  They allege that Premera improperly denied their claims for the costs of A.C.'s in patient care at Change Academy Lake of the Ozarks ("CALO") under the terms of a

2

fully-insured employee welfare benefits plan under 29 U.S.C. § 1001 *et seq*. for the provision of health care services  Compl. ¶¶ 3, 4.

Despite the fact that neither Plaintiffs nor Premera reside in Utah, no Plan documents or benefits were issued in the State of Utah, the treatment did not occur in Utah, and no Plan benefits were paid in Utah, Plaintiffs filed their Complaint in the United States District Court for the District of Utah on July 29, 2021.  Nothing ties this case to the state except for the location of Plaintiffs' counsel.  But location of counsel is not a factor in the transfer analysis.  Because nothing relevant connects this case to Utah, this Court should transfer the case to the Western District of Washington, the district where the operative facts of this case occurred—the claims administrator and the Plan are located in Washington, and the parties corresponded regarding the claims appeals process in Washington.

### III.   RELEVANT FACTS

Plaintiffs are residents of Middlesex County, Massachusetts.  Compl. ¶ 1.  N.C. is a participant in the Plan, and A.C. was a beneficiary of the Plan at all relevant times.  Compl. ¶ 3.  N.C. and A.C. continue to be participants and beneficiaries of the Plan.  Compl. ¶ 3.  Premera is the claims administrator.  Compl. ¶ 2.  Premera is non-profit corporation headquartered and incorporated in the State of Washington.  Payton Decl., ¶ 3.

On June 18, 2019, A.C. was admitted to CALO.  Compl. ¶ 4.  A.C. was eventually discharged on August 23, 2020.  Comp. ¶ 4.  Plaintiffs submitted claims to Premera for A.C.'s treatment at CALO.  Compl. ¶ 16.  On September 3, 2019, Premera denied coverage for CALO's services because A.C.'s conditions did not meet the requirements for residential treatment.  Compl. ¶ 16.  Plaintiffs submitted appeals, and Premera upheld the denial of payment for A.C.'s

stay at CALO. Compl. ¶¶ 17, 33, 36, 41. All correspondence between Premera and Plaintiffs regarding the appeals process were sent from Premera locations in Washington to Plaintiffs' residence outside Utah, or vice versa. Payton Decl., ¶ 4. All determinations and decisions made by Premera were made within Washington State. Payton Decl., ¶ 5.

### IV. SUPPORTING AUTHORITY AND ARGUMENT

It would be fundamentally unfair to proceed with this case in Utah because the factual circumstances and basic legal issues in the Complaint have no connection to Utah. Indeed, it appears that the only reason this case was brought in Utah was for the convenience of Plaintiffs' counsel. The witnesses and evidence are in Washington, and litigating in Washington will reduce litigation costs. As such, this Court should transfer the case to the Western District of Washington.

A party can transfer the venue of a civil action under 28 U.S.C. § 1404(a) to another district where it might have been brought "[f]or convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a); *Richard T.B.*, No. 2:18-cv-73, 2019 WL 145736, at *2 (D. Utah Jan 9, 2019). The following factors are considered:

> The plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses, the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Richard T.B.*, 2019 WL 145736, at *2. Here, there is no question that the Western District of Washington is an appropriate venue under the ERISA statute. Premera is

headquartered in Washington, the Plan was administered in Washington, and the alleged breach occurred in Washington.

### A. Plaintiffs' Choice to Litigate in Utah Should Receive No Deference.

The Plaintiffs' choice to litigate in Utah should receive no deference because none of the alleged facts giving rise to Plaintiffs' causes of action occurred in Utah.

While "the plaintiff's choice of forum should rarely be disturbed," it receives less deference when the plaintiff does not reside in the district. *Scott M. v. Cigna Health and Life Ins. Co.*, 2021 WL 3194732 at *3 (D. Utah July 28, 2021); *Richard T.B.*, 2019 WL 145736, at *2. The plaintiff's forum choice receives even less deference where "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Rula A.-S. v. Aurora Health Care*, 2020 WL 7230119 at *3 (D. Utah Dec. 8, 2020); *Scott M.*, 2021 WL 3194732 at *3.

A case does not have a connection to Utah where the Plan was not administered in Utah, the decisions about payments were not made in Utah, and the alleged breaches of ERISA and the Plan do not occur in Utah. *Richard T.B.*, 2019 WL 145736, at *3. This is true even where the treatment occurs in Utah. *Id.*; *see also Rula A.-S. v. Aurora Health Care*, 2020 WL 7230119 at *3; *Scott M.*, 2021 WL 3194732 at *3. Recently, a case was transferred where the Plaintiff resided in Vermont, the breach occurred in Vermont, the ERISA Plan was established and administered in Vermont, and the defendant was headquartered in Connecticut; the only connection to Utah was that the Plaintiff was treated in Utah. *Scott M.*, 2021 WL 3194732 at *3. Furthermore, plaintiffs' choice of counsel has no bearing on the choice of forum. *IHC Health Services, Inc. v. Eskaton*, No. 2:16-cv-2, 2016 WL 4769342, at *8 (D. Utah Sept. 13, 2016);

*Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-00022-DN, 2015 WL 164183, at *3 (D. Utah Jan. 3, 2015) (holding that "this court does not consider convenience of counsel to be a relevant factor" under 1404(a)).

Plaintiffs' choice to litigate in Utah deserves no deference because there is no connection between the facts of this case and Utah. Plaintiffs reside in Massachusetts. A.C. received treatment in Missouri. Premera resides in Washington. The Plan was administered in Washington. The claims correspondence was directed towards Washington. The appeals were conducted in Washington. The alleged breach occurred in Washington. Quite literally, no fact in this case arose in Utah. Indeed, Plaintiffs point to no facts in the venue statement in their Complaint when discussing why venue was appropriate in Utah. *See* Compl. ¶ 7. The only connection to Utah in this case is Plaintiffs' decision to hire their counsel—an irrelevant connection. Because no facts giving rise to the cause of action occurred in Utah, Plaintiffs' choice to litigate in Utah deserves no deference.

This Court should transfer the case to the Western District of Washington because Utah has no connection to the overall case.

  **B.**  **Accessibility of Witnesses and other Sources of Proof Weigh Toward Litigating in Washington.**

Because Utah has no ties to this case, none of the witnesses or other sources of proof exist in this state. The location of sources of proof weighs in favor of transfer when it is unlikely that any relevant witness or supplemental documents will be found in the forum. *See Rula A.-S.*, 2020 WL 7230119 at *3; *David. L. v. McGraw-Hill Companies, Inc. Grp. Health Plan*, No. 1:13-cv-00176 DS, 2014 WL 1653197 at*2 (D. Utah Apr. 23, 2014). The factor weighs in favor of transfer even in ERISA cases, where judicial review is generally limited to the administrative

record. *Rula A.-S.*, 2020 WL 7230119 at *3; *David. L.*, 2014 WL 1653197 at*2). For instance, in *Rula A.-S.*, the location of evidence weighed in favor of transfer because the persons that administered the Plan and denied Plaintiffs' claims were in Wisconsin, not Utah. *Rula A.-S.*, 2020 WL 7230119 at *4. Similarly, any relevant documents were located in Wisconsin, not Utah. *Id.*

Here, the location of witnesses and documents favors the Western District of Washington, not Utah, because neither witnesses nor documents exist in Utah. Like *Rula A.-S.* and *David L.*, if witnesses become necessary, the most relevant witnesses—those who handled the initial claim denial and the appeals—are all located in Washington, not Utah. Any relevant documents are located in Washington.

Like *Rula A.-S.*, where the court transferred the case to the forum with the relevant witnesses and documents, this court should transfer the case to Washington, where the documents and relevant witnesses are located.

> **C.    Practical Considerations of Privacy, Cost of Counsel, and the Underlying Purposes of ERISA Weigh in Favor of Transfer.**

Contrary to Plaintiffs' assertions in their Complaint, litigating the case in the Western District of Washington will neither increase Plaintiffs' litigation costs nor harm Plaintiffs' privacy.

Cases are properly transferred to forums where the court can minimize costs and protect plaintiff's privacy. *See Scott M.*, 2021 WL 31947732 at *6. In *Scott M. v. Cigna Health and Life Ins. Co.*, Plaintiffs' counsel argued that transferring the case from Utah to Vermont would shift the inconvenience of litigating the case to the plaintiff. *Scott M.*, 2021 WL 31947732 at *6. Further, they argued that litigating in Utah would protect the plaintiffs' privacy because of

7

Utah's distance from the plaintiffs' home state. *Id.* The court rejected both of these arguments. The defendants' documents and witnesses were significantly closer to the chosen forum— litigating in Vermont would greatly reduce the defendants' cost. *Id.* at *5. The court noted that "if it is not inconvenient for the [plaintiffs] to travel to Utah for this litigation, they cannot claim with credibility that it is inconvenient for their counsel to travel to [Vermont]." *Id.*; *see also Danny P.*, 2015 WL 164183 at *3. Regarding privacy, the court noted that the Vermont court could use the same privacy protections, such as sealing portions of the proceedings, more effectively than in litigating in a far off forum. *Id.*; *see also Richard T.B.*, 2019 WL 145736, at *3 ("[I]nitiating suit in a far-flung forum is not the appropriate procedure for protecting legitimate interests in privacy; those interests can be adequately preserved by redactions, use of initials, and, if necessary, filings under seal.").

Neither the cost of litigation nor the Plaintiffs' privacy concerns justify allowing the case to remain in Utah. Like the defendants in *Scott M.*, Premera's witnesses and documents are in Washington, and it will reduce costs to allow Premera to litigate in the Western District of Washington. While Plaintiffs would need to travel from Massachusetts to Washington, they will need to undertake those costs whether they litigate the case in Utah or Washington. Furthermore, the Western District of Washington could adequately protect Plaintiffs' privacy— the court can place certain proceedings under seal, and the Western District of Washington is far removed from Massachusetts.

Because the Western District of Washington can both protect Plaintiffs' privacy and allow Premera to reduce its litigation costs without prejudicing Plaintiffs, this Court should transfer the case to that forum.

## V. CONCLUSION

For the foregoing reasons, Premera respectfully requests that this Court transfer the instant case to the Western District of Washington.

DATED this 30th day of August, 2021.

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Gwendolyn C. Payton*
Gwendolyn C. Payton (Pro Hac Vice)
*Attorney for Defendant Premera Blue Cross*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of August, 2021, I electronically filed the foregoing DEFENDANT'S MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Brian S. King
BRIAN S KING PC
420 E SOUTH TEMPLE STE 420
SALT LAKE CITY, UT 84111
(801)532-1739
Email: brian@briansking.com

Brent J. Newton
BRIAN S KING PC
420 E SOUTH TEMPLE STE 420
SALT LAKE CITY, UT 84111
(801) 532-1739
Email: brent@briansking.com

Samuel Martin Hall
BRIAN S KING PC
420 E SOUTH TEMPLE STE 420
SALT LAKE CITY, UT 84111
801-532-1739
Email: samuel@briansking.com

                                                */s/ Gwendolyn Payton*
                                                Gwendolyn Payton